UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

TREY BOGLIN, STUVON GETHERS and          :
DARRELL STRICKLAND                       :
                                         :
                    Plaintiffs,          :
                                         :                    COMPLAINT AND
        - against -                      :                 DEMAND FOR JURY TRIAL
                                         :
THE CITY OF NEW YORK, CLIFFORD PARKS,     :                    ECF CASE
ANTHONY RUSSO, CHRISTOPHER J.            :
McCORMACK, and JANETTE CRUZ, all in      :
Their Individual Capacities and in Their Official :
Capacities,                              :
                                         :
                    Defendants           :

-----------------------------------------------------------------x

Plaintiffs, by their attorneys, MICHELSTEIN & ASSOCIATES, PLLC, complaining of

the defendants, allege:

## NATURE OF THE ACTION

1. This is a civil rights action to redress the defendants' violations of the rights accorded

to plaintiffs Trey Boglin, Stuvon Gethers and Darrell Strickland by the Civil Rights Act of 1871, 42

U.S.C. §1983, and by the Constitution of the United States, including the Fourth and Fourteenth

Amendments.

2. Plaintiffs Trey Boglin, Stuvon Gethers and Darrell Strickland are citizens of the

Untied States who were present in apartment 5F at 175 Alexander Avenue, Bronx, New York, the

residence of plaintiff Trey Boglin, on January 28, 2013, when New York City police officers Clifford

Parks, Anthony Russo, Christopher J. McCormack and Janette Cruz entered the apartment without

a search warrant, required the plaintiffs and other individuals present in the apartment to exit the

apartment and to stand in the hallway, subsequently arrested the plaintiffs on a false criminal charge

of Criminal Possession of a Weapon in the Second Degree, transported the plaintiffs to the 40th Precinct, subjected plaintiffs Trey Boglin and Stuvon Gethers to strip and visual cavity searches, subjected plaintiff Darrell Strickland to a pat-down search and subsequently transported the plaintiffs to Bronx Central Booking, where they continued to be imprisoned until the night of January 29 - January 30, 2013, when they were released without being prosecuted for any crime.

3. The defendants' actions were unlawful, and the plaintiffs bring this action seeking compensatory and punitive damages.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court is invoked pursuant to the Constitution of the United States, 28 U.S.C. §§1331, 1343(3) and (4), and 42 U.S.C. §§1983 and 1988, in that this is an action seeking to redress the violation of the plaintiffs' constitutional and civil rights.

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and (c) in that all of the events which give rise to the claims occurred within the jurisdiction of the United States District Court for the Southern District of New York, defendants Clifford Parks, Anthony Russo, Christopher J. McCormack and Janette Cruz can be found within the Southern District of New York, and defendant The City of New York is a municipal corporation located in the Southern District of New York which is subject to personal jurisdiction in the Southern District of New York.

## PARTIES

6. Plaintiff Trey Boglin is a citizen of the United States who resides in the County of Bronx, City and State of New York.

7. Plaintiff Stuvon Gethers is a citizen of the United States who resides in the County of Bronx, City and State of New York.

8. Plaintiff Darrell Strickland is a citizen of the United States who resides in the County of Bronx, City and State of New York.

9. Defendant The City of New York is, and at all times relevant herein was, a municipal corporation created under the laws of the State of New York.

10. At all times relevant herein, defendant The City of New York maintained a police department.

11. Defendant Clifford Parks is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

12. At all times relevant herein, defendant Clifford Parks was acting within the scope of his employment by defendant The City of New York.

13. Defendant Anthony Russo is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

14. At all times relevant herein, defendant Anthony Russo was acting within the scope of their employment by defendant The City of New York.

15. Defendant Christopher J. McCormack is a natural person who, upon information and belief, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

16. At all times relevant herein, defendant Christopher J. McCormack was acting within the scope of his employment by defendant The City of New York.

17. Defendant Janette Cruz is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

18. At all times relevant herein, defendant Janette Cruz was acting within the scope of her employment by defendant The City of New York.

## STATEMENT OF CLAIMS

19.  Plaintiffs incorporate by reference paragraphs 1 through 18 of this complaint as though the same were set forth fully herein.

20.  On January 28, 2013, plaintiff Trey Boglin was a resident of apartment 5F in the premises at 175 Alexander Avenue, Bronx, New York.

21.  On January 28, 2013, plaintiffs Stuvon Gethers and Darrell Strickland were lawfully present as guests in apartment 5F in the premises at 175 Alexander Avenue, Bronx, New York.

22.  On January 28, 2013, defendants Clifford Parks,  Anthony Russo, Christopher J. McCormack and Janette Cruz entered apartment 5F at 175 Alexander Avenue, Bronx, New York.

23.  Upon information and belief, defendants Clifford Parks, Anthony Russo, Christopher J. McCormack and Janette Cruz did not have a search warrant authorizing their entry into apartment 5F at 175 Alexander Avenue, Bronx, New York.

24.  Following their entry into apartment 5F at 175 Alexander Avenue, Bronx, New York, defendants Clifford Parks, Anthony Russo, Christopher J. McCormack and Janette Cruz directed plaintiffs Trey Boglin, Stuvon Gethers, Darrell Strickland and other individuals present in apartment 5F to exit the apartment and to wait in the hallway outside the apartment.

25.  Subsequently, one of the individual defendants handcuffed plaintiff Trey Boglin.

26.  One of the individual defendants handcuffed plaintiff Stuvon Gethers.

27.  One of the individual defendants handcuffed plaintiff Darrell Strickland.

28.  Plaintiffs Trey Boglin, Stuvon Gethers and Darrell Strickland were detained in the hallway outside apartment 5F at 175 Alexander Avenue, Bronx, New York.

29.  While plaintiffs Trey Boglin, Stuvon Gethers and Darrell Strickland were detained in the hallway outside apartment 5F, defendants Clifford Parks, Anthony Russo, Christopher J.

McCormack and Janette Cruz conducted a search of apartment 5F.

30. Defendants Clifford Parks, Anthony Russo, Christopher J. McCormack and Janette Cruz arrested plaintiffs Trey Boglin, Stuvon Gethers and Darrell Strickland on charges of Criminal Possession of a Weapon in the Second Degree.

31. The charges on which defendants Clifford Parks, Anthony Russo, Christopher J. McCormack and Janette Cruz arrested plaintiffs Trey Boglin, Stuvon Gethers and Darrell Strickland were false.

32. Plaintiff Trey Boglin was not in possession of any weapon.

33. Plaintiff Stuvon Gethers was not in possession of any weapon.

34. Plaintiff Darrell Strickland was not in possession of any weapon.

35. Defendants Clifford Parks, Anthony Russo, Christopher J. McCormack and Janette Cruz did not have a warrant or other legal process authorizing the arrest of plaintiff Trey Boglin.

36. Defendants Clifford Parks, Anthony Russo, Christopher J. McCormack and Janette Cruz did not have a warrant or other legal process authorizing the arrest of plaintiff Stuvon Gethers.

37. Defendants Clifford Parks, Anthony Russo, Christopher J. McCormack and Janette Cruz did not have a warrant or other legal process authorizing the arrest of plaintiff Darrell Strickland.

38. The defendants transported plaintiffs Trey Boglin, Stuvon Gethers and Darrell Strickland to the 40th Precinct, where the plaintiffs were imprisoned.

39. At the 40th Precinct, plaintiff Trey Boglin was required to remove his pants and underwear, and to submit to a visual cavity search.

40. At the 40th Precinct, plaintiff Stuvon Gethers was required to remove his pants and underwear and to submit to a visual cavity search.

41.  Plaintiffs Trey Boglin, Stuvon Gethers and Darrell Strickland were subsequently transported to Bronx Central Booking, where they continued to be imprisoned.

42.  On or about the night of January 29 - January 30, 2013, plaintiffs Trey Boglin, Stuvon Gethers and Darrell Strickland were released from Bronx Central Booking without being prosecuted for any crime.

## COUNT ONE ON BEHALF OF TREY BOGLIN
## UNREASONABLE SEARCH UNDER 42 U.S.C. §1983

43.  Plaintiffs incorporate by reference paragraphs 1 through 42 of this Complaint as though the same were set forth fully herein.

44.  Defendants Clifford Parks, Anthony Russo, Christopher J. McCormack and Janette Cruz did not have a search warrant authorizing entry into and search of the residence of plaintiff Trey Boglin.

45.  Upon information and belief, defendants Clifford Parks, Anthony Russo, Christopher J. McCormack and Janette Cruz did not have an arrest warrant for any individual residing or present in the residence of plaintiff Trey Boglin.

46.  Defendants Clifford Parks, Anthony Russo, Christopher J. McCormack and Janette Cruz were acting under color of state law when they entered the residence of plaintiff Trey Boglin without a search warrant.

47.  Defendants Clifford Parks, Anthony Russo, Christopher J. McCormack and Janette Cruz were acting under color of state law when they searched the residence of plaintiff Trey Boglin without a warrant authorizing such search.

48.  Defendants Clifford Parks, Anthony Russo, Christopher J. McCormack and Janette Cruz deprived plaintiff Trey Boglin of his right to be secure in his person, house, papers and effects

against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by entering and searching the residence of plaintiff Trey Boglin without a search warrant.

49.  As a result of the warrantless entry into and search of his residence by defendants Clifford Parks, Anthony Russo, Christopher J. McCormack and Janette Cruz, plaintiff Trey Boglin suffered invasion of his privacy, embarrassment, anxiety and emotional distress.

## COUNT TWO ON BEHALF OF TREY BOGLIN
## FALSE IMPRISONMENT UNDER 42 U.S.C. §1983

50.  Plaintiffs incorporate by reference paragraphs 1 through 49 of this complaint as though the same were set forth fully herein.

51.  The seizure, detention, arrest, and imprisonment of plaintiff Trey Boglin by defendants Clifford Parks, Anthony Russo, Christopher J. McCormack and Janette Cruz were made without any warrant or other legal process directing or authorizing his seizure, detention, arrest, or imprisonment.

52.  The seizure, detention, arrest, and imprisonment of plaintiff Trey Boglin were made without probable cause to believe that he had committed a crime or offense.

53.  The charges upon which defendants Clifford Parks, Anthony Russo, Christopher J. McCormack and Janette Cruz arrested plaintiff Trey Boglin were false.

54.  The charges were made by defendants Clifford Parks, Anthony Russo, Christopher J. McCormack and Janette Cruz against plaintiff Trey Boglin with knowledge that they were false.

55.  Defendants Clifford Parks, Anthony Russo, Christopher J. McCormack and Janette Cruz acted in concert in the unconstitutional arrest of plaintiff Trey Boglin and/or could have intervened to stop the arrest.

56. Plaintiff Trey Boglin was aware of his seizure, detention, arrest and imprisonment by defendants Clifford Parks, Anthony Russo, Christopher J. McCormack and Janette Cruz.

57. Plaintiff Trey Boglin did not consent to his seizure, detention, arrest or imprisonment.

58. As a result of the foregoing, plaintiff Trey Boglin was deprived of his liberty, imprisoned, greatly embarrassed and humiliated, and subjected to mental and physical distress.

59. The seizure, detention, arrest and imprisonment of plaintiff Trey Boglin deprived him of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States.

60. Defendants Clifford Parks, Anthony Russo, Christopher J. McCormack and Janette Cruz were acting under color of state law when they seized, detained, arrested and imprisoned plaintiff Trey Boglin.

61. Defendants Clifford Parks, Anthony Russo, Christopher J. McCormack and Janette Cruz deprived plaintiff Trey Boglin of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by seizing, detaining, arresting and imprisoning plaintiff Trey Boglin on false criminal charges.

## COUNT THREE ON BEHALF OF TREY BOGLIN
### BODY CAVITY SEARCH UNDER 42 U.S.C. §1983

62. Plaintiffs incorporate by reference paragraphs 1 through 61 of this complaint as though the same were set forth fully herein.

63. Defendants Clifford Parks, Anthony Russo, Christopher J. McCormack and Janette Cruz lacked a factual basis to support a reasonable suspicion that plaintiff Trey Boglin had evidence

or contraband concealed inside a body cavity.

64.   The body cavity search of plaintiff Trey Boglin conducted at the 40th Precinct deprived plaintiff Trey Boglin of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States.

65.   Defendants Clifford Parks, Anthony Russo, Christopher J. McCormack and Janette Cruz acted in concert in the unconstitutional visual body cavity search of plaintiff Trey Boglin and/or could have intervened to stop the search.

66.   Plaintiff Trey Boglin suffered anxiety, embarrassment and humiliation and emotional distress as a result of the visual body cavity search conducted by the defendants.

67.   Defendants Clifford Parks, Anthony Russo, Christopher J. McCormack and Janette Cruz were acting under color of state law when they subjected  plaintiff Trey Boglin to a visual cavity search at the 40th Precinct.

68.   Defendants Clifford Parks, Anthony Russo, Christopher J. McCormack and Janette Cruz deprived plaintiff Trey Boglin of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by conducting a visual cavity search of plaintiff Trey Boglin at the 40th Precinct.

## COUNT FOUR ON BEHALF OF TREY BOGLIN
### MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

69.   Plaintiffs incorporate by reference paragraphs 1 through 68 of this Complaint as though the same were set forth fully herein.

70.   The acts complained of were carried out by the individual defendants in their capacities as police officers and employees of defendant The City of New York, with all the actual

and/or apparent authority attendant thereto.

71.  The acts complained of were carried out by the individual defendants in their capacities as police officers pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

72.  Defendant The City of New York implemented, enforced, encouraged and sanctioned a policy, practice and/or custom of arresting all persons present at premises in which a search is conducted, regardless of the lack of evidence of commission of a crime by some or all of those persons, in violation of the Fourth Amendment of the Constitution of the United States.

73.  Defendant The City of New York implemented, enforced, encouraged and sanctioned a policy, practice and/or custom of arresting persons on insufficient evidence in violation of the Fourth Amendment of the Constitution of the United States.

74.  The aforesaid customs, policies, usages, practices, procedures, and rules of defendant The City of New York include, but are not limited to, the following:

(a)  Defendant The City of New York failed properly to train police officers in proper procedures for conducting searches consistent with the requirements of the Fourth Amendment of the Constitution of the United States;

(b)  Defendant The City of New York failed properly to train police officers in the standards of probable cause and the requirements for the arrest of persons present at the locations of searches;

(c)  Defendant The City of New York failed properly to train police officers in the standards for probable cause for the warrantless arrests of individuals for possession of weapons, controlled substances, marijuana or other contraband consistent with the requirements of the Fourth Amendment of the Constitution of the United States;

(d)  Defendant The City of New York encouraged or permitted police officers conducting searches of premises to arrest all persons present in the premises being searched regardless of the absence of probable cause for such arrests;

(e) Defendant The City of New York failed properly to supervise police officers during the performance of their duties, and more particularly during the conduct of searches and during warrantless arrests;

(f) Defendant The City of New York failed properly to monitor arrests made by its police officers to determine if its police officers were following proper standards for probable cause for the warrantless seizure and arrest of individuals consistent with the requirements of the Fourth Amendment of the Constitution of the United States;

(g) Defendant The City of New York failed to discipline police officers for making warrantless arrests of all persons present during the conduct of searches of premises where probable cause for an arrest did not exist.

75. The failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

76.  The arrest and imprisonment of plaintiff Trey Boglin on false criminal charges resulted from the failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers in the conduct of searches of premises, the standards of probable cause, and the requirements for warrantless arrests.

77.  Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of arresting all persons present in premises in which a search is being conducted.

78.  Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice for police officers to make warrantless arrests without probable cause.

79. Defendant The City of New York deprived plaintiff Trey Boglin of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42

U.S.C. §1983, by adopting and enforcing a policy, practice or custom of arresting all persons present in premises in which a search is conducted.

## COUNT FIVE ON BEHALF OF TREY BOGLIN
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

80. Plaintiffs incorporate by reference paragraphs 1 through 79 this Complaint as though the same were set forth fully herein.

81. Defendant The City of New York implemented, enforced, encouraged and sanctioned a policy, practice and/or custom of performing visual cavity searches of persons charged with crimes in violation of the Fourth Amendment of the Constitution of the United States.

82. Defendant The City of New York implemented, enforced, encouraged and sanctioned a policy, practice and/or custom of performing visual cavity searches of persons under arrest despite the absence of a factual basis for a reasonable suspicion to believe that the persons had evidence or contraband concealed within a body cavity.

83. The aforesaid custom, policy, and practice of defendant The City of New York include, but are not limited to, the following:

(a) Defendant The City of New York failed properly to train police officers in the circumstances under which arrested individuals can be subjected to visual cavity searches;

(b) Defendant The City of New York failed properly to supervise police officers during the performance of their duties, and more particularly during the processing of arrested individuals;

(c) Defendant The City of New York failed properly to supervise police officers during the processing of arrests to ensure that visual cavity searches were not performed where no factual basis existed for a reasonable suspicion that the person arrested had evidence concealed in a body cavity;

(d) Defendant The City of New York failed to discipline police officers for performing visual cavity searches under circumstances in which no factual

basis existed for a reasonable suspicion that the person arrested had evidence concealed in a body cavity.

84. The visual cavity search to which plaintiff Trey Boglin was subjected resulted from the failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers in the standards and requirements for visual cavity searches.

85. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of performing visual cavity searches of individuals under arrest despite the absence of a factual basis for a reasonable suspicion that the persons have evidence or contraband concealed within a body cavity.

86. Defendant The City of New York deprived plaintiff Trey Boglin of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the Untied States under color of state law, in violation of 42 U.S.C. §1983, by formulating and implementing a policy, custom or practice of performing visual cavity searches of individuals under arrest despite the absence of a factual basis for a reasonable suspicion that the persons had evidence or contraband concealed within a body cavity.

## COUNT SIX ON BEHALF OF TREY BOGLIN
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

87. Plaintiffs incorporate by reference paragraphs 1 through 86 of this Complaint as though the same were set forth fully herein.

88. Upon information and belief, at all times relevant herein, defendant The City of New York was aware from Notices of Claim, lawsuits, claims filed with the New York City Police Department and the Civilian Complaint Review Board, and from the New York City Police Department's own observations, that defendants Clifford Parks, Anthony Russo, Christopher J.

McCormack and Janette Cruz are unfit, ill tempered police officers who have the propensity to commit the acts alleged herein.

89.   Upon information and belief, defendant The City of New York failed adequately to investigate prior complaints against these officers.

90.   Upon information and belief, defendant The City of New York failed to take remedial action to train, retrain, supervise, monitor and discipline police officers for violations of Constitutional rights.

91.   The failure of defendant The City of New York properly to take remedial action to train, retrain, supervise, monitor and discipline police officers for violations of Constitutional rights constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

92.   Defendant The City of New York knew, or should have known, that as a direct result of this policy, practice and/or custom, the Constitutional rights of plaintiff Trey Boglin would be violated.

93.   Defendant The City of New York implemented, enforced, encouraged, sanctioned and failed to rectify such policy, practice and/or custom with deliberate indifference to and disregard for the civil rights of individuals with whom its police officers come in contact, and more particularly, the civil rights of plaintiff Trey Boglin.

94.   Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of failing adequately to investigate complaints against police officers for violating civil rights and to take appropriate remedial action.

95.   Defendant The City of New York deprived plaintiff Trey Boglin of his right to be secure in his person against of unreasonable searches and seizures guaranteed by the Fourth

Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing adequately to investigate complaints against police officers and to take appropriate remedial action to prevent further violations of the civil rights of members of the public.

### COUNT SEVEN ON BEHALF OF STUVON GETHERS
### FALSE IMPRISONMENT UNDER 42 U.S.C. §1983

96.  Plaintiffs incorporate by reference paragraphs 1 through 95 of this complaint as though the same were set forth fully herein.

97.  The seizure, detention, arrest, and imprisonment of plaintiff Stuvon Gethers by defendants Clifford Parks, Anthony Russo, Christopher J. McCormack and Janette Cruz were made without any warrant or other legal process directing or authorizing his seizure, detention, arrest, or imprisonment.

98.  The seizure, detention, arrest, and imprisonment of plaintiff Stuvon Gethers were made without probable cause to believe that he had committed a crime or offense.

99.  The charges upon which defendants Clifford Parks, Anthony Russo, Christopher J. McCormack and Janette Cruz arrested plaintiff Stuvon Gethers were false.

100.  The charges were made by defendants Clifford Parks, Anthony Russo, Christopher J. McCormack and Janette Cruz against plaintiff Stuvon Gethers with knowledge that they were false.

101.  Defendants Clifford Parks, Anthony Russo, Christopher J. McCormack and Janette Cruz acted in concert in the unconstitutional arrest of plaintiff Stuvon Gethers and/or could have intervened to stop the arrest.

102.   Plaintiff Stuvon Gethers was aware of his seizure, detention, arrest and imprisonment by defendants Clifford Parks, Anthony Russo, Christopher J. McCormack and Janette Cruz.

103.   Plaintiff Stuvon Gethers did not consent to his seizure, detention, arrest or imprisonment.

104.  As a result of the foregoing, plaintiff Stuvon Gethers was deprived of his liberty, imprisoned, greatly embarrassed and humiliated, and subjected to mental and physical distress.

105.   The seizure, detention, arrest and imprisonment of plaintiff Stuvon Gethers deprived him of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States.

106.  Defendants Clifford Parks, Anthony Russo, Christopher J. McCormack and Janette Cruz were acting under color of state law when they seized, detained, arrested and imprisoned plaintiff Stuvon Gethers.

107.  Defendants Clifford Parks, Anthony Russo, Christopher J. McCormack and Janette Cruz deprived plaintiff Stuvon Gethers of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by seizing, detaining, arresting and imprisoning plaintiff Stuvon Gethers on a false criminal charge.

## COUNT EIGHT ON BEHALF OF STUVON GETHERS
### BODY CAVITY SEARCH UNDER 42 U.S.C. §1983

108.  Plaintiffs incorporate by reference paragraphs 1 through 107 of this complaint as though the same were set forth fully herein.

109. Defendants Clifford Parks, Anthony Russo, Christopher J. McCormack and Janette Cruz lacked a factual basis to support a reasonable suspicion that plaintiff Stuvon Gethers had evidence or contraband concealed inside a body cavity.

110. The body cavity search of plaintiff Stuvon Gethers conducted at the 40th Precinct deprived plaintiff Stuvon Gethers of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States.

111. Defendants Clifford Parks, Anthony Russo, Christopher J. McCormack and Janette Cruz acted in concert in the unconstitutional visual body cavity search of plaintiff Stuvon Gethers and/or could have intervened to stop the search.

112. Plaintiff Stuvon Gethers suffered anxiety, embarrassment, humiliation and emotional distress as a result of the visual body cavity search conducted by the defendants.

113. Defendants Clifford Parks, Anthony Russo, Christopher J. McCormack and Janette Cruz were acting under color of state law when they conducted a visual cavity search of plaintiff Stuvon Gethers at the 40th Precinct.

114. Defendants Clifford Parks, Anthony Russo, Christopher J. McCormack and Janette Cruz deprived plaintiff Stuvon Gethers of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by conducting a visual cavity search of plaintiff Stuvon Gethers at the 40th Precinct.

## COUNT NINE ON BEHALF OF STUVON GETHERS
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

115. Plaintiffs incorporate by reference paragraphs 1 through 114 of this Complaint as though the same were set forth fully herein.

116.  The arrest and imprisonment of plaintiff Stuvon Gethers on false criminal charges resulted from the failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers in the conduct of searches of premises, the standards of probable cause, and the requirements for warrantless arrests.

117.  Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of arresting all persons present in premises in which a search is being conducted.

118.  Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice for police officers to make warrantless arrests without probable cause.

119.  Defendant The City of New York deprived plaintiff Stuvon Gethers of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of arresting all persons present in premises in which a search is being conducted.

### COUNT TEN ON BEHALF OF STUVON GETHERS
### MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

120.  Plaintiff incorporates by reference paragraphs 1 through 119 this Complaint as though the same were set forth fully herein.

121.  The visual cavity search to which plaintiff Stuvon Gethers was subjected resulted from the failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers in the standards and requirements for visual cavity searches.

122.   Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of performing visual cavity searches of individuals under arrest despite the absence of a factual basis for a reasonable suspicion that the persons have evidence or contraband concealed within a body cavity.

123.   Defendant The City of New York deprived plaintiff Stuvon Gethers of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the Untied States under color of state law, in violation of 42 U.S.C. §1983, by formulating and implementing a policy, custom or practice of performing visual cavity searches of individuals under arrest despite the absence of a factual basis for a reasonable suspicion that the persons had evidence or contraband concealed within a body cavity.

### COUNT ELEVEN ON BEHALF OF STUVON GETHERS
### MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

124.   Plaintiff incorporates by reference paragraphs 1 through 123 of this Complaint as though the same were set forth fully herein.

125.   The failure of defendant The City of New York properly to take remedial action to train, retrain, supervise, monitor and discipline police officers for violations of Constitutional rights constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

126.   Defendant The City of New York knew, or should have known, that as a direct result of this policy, practice and/or custom, the Constitutional rights of plaintiff Stuvon Gethers would be violated.

127.  Defendant The City of New York implemented, enforced, encouraged, sanctioned and failed to rectify such policy, practice and/or custom with deliberate indifference to and disregard for the civil rights of individuals with whom its police officers come in contact, and more particularly, the civil rights of plaintiff Stuvon Gethers.

128.  Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of failing adequately to investigate complaints against police officers for violating civil rights and to take appropriate remedial action.

129.  Defendant The City of New York deprived plaintiff Stuvon Gethers of his right to be secure in his person against of unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing adequately to investigate complaints against police officers and to take appropriate remedial action to prevent further violations of the civil rights of members of the public.

## COUNT TWELVE ON BEHALF OF DARRELL STRICKLAND
## FALSE IMPRISONMENT UNDER 42 U.S.C. §1983

130.  Plaintiff incorporates by reference paragraphs 1 through 129 of this complaint as though the same were set forth fully herein.

131.  The seizure, detention, arrest, and imprisonment of plaintiff Darrell Strickland by defendants Clifford Parks, Anthony Russo, Christopher J. McCormack and Janette Cruz were made without any warrant or other legal process directing or authorizing his seizure, detention, arrest, or imprisonment.

132.  The seizure, detention, arrest, and imprisonment of plaintiff Darrell Strickland were made without probable cause to believe that he had committed a crime or offense.

133.  The charges upon which defendants Clifford Parks, Anthony Russo, Christopher J. McCormack and Janette Cruz arrested plaintiff Darrell Strickland were false.

134.  The charges were made by defendants Clifford Parks, Anthony Russo, Christopher J. McCormack and Janette Cruz against plaintiff Darrell Strickland with knowledge that they were false.

135.  Defendants Clifford Parks, Anthony Russo, Christopher J. McCormack and Janette Cruz acted in concert in the unconstitutional arrest of plaintiff Darrell Strickland and/or could have intervened to stop the arrest.

136.  Plaintiff Darrell Strickland was aware of his seizure, detention, arrest and imprisonment by defendants Clifford Parks, Anthony Russo, Christopher J. McCormack and Janette Cruz.

137.  Plaintiff Darrell Strickland did not consent to his seizure, detention, arrest or imprisonment.

138.  As a result of the foregoing, plaintiff Darrell Strickland was deprived of his liberty, imprisoned, greatly embarrassed and humiliated, and subjected to mental and physical distress.

139.  The seizure, detention, arrest and imprisonment of plaintiff Darrell Strickland deprived him of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States.

140.  Defendants Clifford Parks, Anthony Russo, Christopher J. McCormack and Janette Cruz were acting under color of state law when they seized, detained, arrested and imprisoned plaintiff Darrell Strickland.

141.  Defendants Clifford Parks, Anthony Russo, Christopher J. McCormack and Janette Cruz deprived plaintiff Darrell Strickland of his right to be secure in his person against unreasonable

searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by seizing, detaining, arresting and imprisoning plaintiff Darrell Strickland on false criminal charges.

## COUNT THIRTEEN ON BEHALF OF DARRELL STRICKLAND
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

142.  Plaintiff incorporates by reference paragraphs 1 through 141 of this Complaint as though the same were set forth fully herein.

143.  The arrest and imprisonment of plaintiff Darrell Strickland on false criminal charges resulted from the failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers in the conduct of searches of premises, the standards of probable cause, and the requirements for warrantless arrests.

144.  Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of arresting all persons present in premises in which a search is being conducted.

145.  Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice for police officers to make warrantless arrests without probable cause.

146.  Defendant The City of New York deprived plaintiff Darrell Strickland of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of arresting all persons present in premises in which a search is being conducted.

## COUNT FOURTEEN ON BEHALF OF DARRELL STRICKLAND
### MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

147.  Plaintiff incorporates by reference paragraphs 1 through 146 of this Complaint as though the same were set forth fully herein.

148.  The failure of defendant The City of New York properly to take remedial action to train, retrain, supervise, monitor and discipline police officers for violations of Constitutional rights constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

149.  Defendant The City of New York knew, or should have known, that as a direct result of this policy, practice and/or custom, the Constitutional rights of plaintiff Darrell Strickland would be violated.

150.  Defendant The City of New York implemented, enforced, encouraged, sanctioned and failed to rectify such policy, practice and/or custom with deliberate indifference to and disregard for the civil rights of individuals with whom its police officers come in contact, and more particularly, the civil rights of plaintiff Darrell Strickland.

151.  Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of failing adequately to investigate complaints against police officers for violating civil rights and to take appropriate remedial action.

152. Defendant The City of New York deprived plaintiff Darrell Strickland of his right to be secure in his person against of unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing adequately to

investigate complaints against police officers and to take appropriate remedial action to prevent further violations of the civil rights of members of the public.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court grant the following relief:

A.  Award the plaintiffs compensatory damages to be determined by the jury at the time of trial;

B.  Award the plaintiffs punitive damages to be determined by the jury at the time of trial;

C.  Award the plaintiffs reasonable attorneys' fees and costs, including the fees and costs of experts, incurred in prosecuting this action; and

D.  Grant such further relief as the Court deems necessary and proper.

## JURY TRIAL DEMANDED

The plaintiff requests a jury trial on all questions of fact raised by their Complaint.

Dated: New York, New York
       June 5, 2015

MICHELSTEIN & ASSOCIATES, PLLC

By: _____
     Steven Michelstein (SM3323)
     Attorneys for Plaintiff
     485 Madison Avenue
     New York, New York 10022
     malaw485@yahoo.com
     (212) 588-0880